Derbigny, J.
delivered the opinion of the court. The plaintiffs and appellants, claim a tract of land, which is in the possession of the defendant. Both parties have obtained certificates from the commissioners of the land office, confirming their claims, so far as the United States were concerned. These certificates should therefore be kept out of view, and the respective rights of the parties ascertained independently of them.
The plaintiffs, whose duty it is to make out a good title to the properly in dispute, exhibit, as such, an order of survey, issued in favor of their ancestor by the Intendant of the province of Louisiana, under the government of Spain, and a plot of the survey, made in consequence of that order, by the surveyor general of that government. Here they stop; anti here the question, has been raised: Is this such a title as is required by law, to enable a plaintiff to oust a possessor; or in other words, did the order *198 of survey, on which the plaintiffs rely, give to the applicant the ownership of the land, which they now claim?
West District
Sept 1817
This court is inclined to believe that an order of survey, though not amounting to an absolute and irrevocable grant, yet gave the grantee such an equitable title as to authorize him to maintain a petitory action against a possessor having no title at all. But, as the decision of this suit will turn upon a point totally unconnected with that consideration, we do not find it necessary to decide that question in this case.
Admitting, therefore, the title of the plaintiffs to be full and complete, it is alledged that they have lost it by suffering the defendant to remain in quiet possession of the land during more than ten years.
Nothing has become more familiar in our courts than the doctrine of prescription. The principal ingredients of the kind of prescription here claimed, are good faith and a just title on the part of the possessor; or in other words, it must appear that he had a just title, and believed, that by virtue of that title he was the owner of the thing.
It is objected by the plaintiffs, that the defendant was not possessed with a just title, nor indeed with any title at all, the length of time re- *199 quired by law. In support of that position they alledge, that the first, settlement of the person, whose improvements the defendant's ancestor acquired by purchase, was made without any titles and that the defendant continued to hold it in the same manner until they obtained the certificate above mentioned, that is to say, until August 1811. They maintain that the act of Congress of the 2d of March 1805, 1 Martin's Digest 240, under the second section of which that certificate was issued, gave them no title, hut merely held out the promise that they might obtain one; and they rely on the principle that prescription does not run in favor of those, whose title depends on the accomplishment of some condition, because in such a situation the possessor, being uncertain whether that condition will take p;ace, cannot in the meanwhile con~ sider the thing as his own.
But this court is of opinion, that so soon as the law above mentioned made its appearance, the settlers, who were within the purview of it, were authorized to consider as theirs the land on which they were established, because their right to obtain a patent, did not depend on any contingency not within their controul, nor indeed on any contingency at all, but was to be delivered as a matter of course, on their showing *200 that they were embraced by the dispositions of the law; to wit: that at the time of the enacting of it, they stood tn the situation and had the qualifications required by law, to be considered. as owners of the land on which they were settled. Nothing here depended on a condition to be accomplished in futuro. Their title was created by the law, not by the certificate which was nothing more than the acknowledgment, that the title existed.
Porter for the plaintiffs, M'Nutt for the defendant.
It is in proof, that the defendant has been in peaceable possession of the land in dispute, more than ten years since the date of the act. We think that he ought not to be disturbed.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court bc affirmed, with costs.